1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

SOUTHERN DISTRICT OF CALIFORNIA

9

10  THE PEOPLE OF THE STATE OF
    CALIFORNIA,

Case No.:  24-cv-1629-WQH-JLB

11                                    Plaintiff,

**ORDER**

12      v.

13  ANDRE MARIO SMITH,

14

15                                    Defendant.

16  HAYES, Judge:

17      On June 11, 2024, the People of the State of California filed a criminal complaint

18  ("Complaint") against Defendant in the Superior Court of California for the County of San

19  Diego, Central Division.[1] On September 10, 2024, Defendant filed a Notice of Removal

20  ("NOR") removing his state court criminal case to this Court. (ECF No. 1, NOR.)

21      Unlike state courts, federal courts are courts of limited jurisdiction.  *See* U.S. Const.

22  art. III, § 2. Federal courts "possess only that power authorized by Constitution and

23  statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover,

24  "[f]ederal courts are required sua sponte to examine jurisdictional issues." *Bernhardt v.*

25
26
27
28

---

[1] The Complaint charges Defendant in Count One with a misdemeanor of Driving When Privilege Suspended or Revoked for Other Reason, in Count Two with an infraction of Unlicensed Driver, in Count Three with an infraction of Failure to Provide Evidence of Financial Responsibility, and in Count Four with an infraction of Possession of Marijuana While Driving. (*See* ECF No. 1-2 at 1–2.)

1

*County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (quotation omitted); *see also Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (while a party is entitled to notice and opportunity to respond when a court contemplates dismissal of a claim on the merits, it is not so when the dismissal is for lack of subject-matter jurisdiction). Therefore, the removal statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the party seeking to invoke the jurisdiction of this court, Defendant bears the burden of establishing the "actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

In his NOR, Defendant contends that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of the State of California, Defendant is "domicile[d] in Taiwan," and "well over $75,000.00 is in controversy." (NOR ¶ 11–14.) Diversity jurisdiction, however, is applicable only to "*civil actions*." 28 U.S.C. § 1332(a) (emphasis added). The Court accordingly cannot exercise diversity jurisdiction over Defendant's criminal case.

Criminal state-court actions may be removed to federal court only under the limited circumstances set out in 28 U.S.C. §§ 1442, 1442a, and 1443. Section 1442 governs the removal of certain cases by "federal officers," and section 1442a applies to the removal of certain cases by a "member of the armed forces of the United States." *See* 28 U.S.C. §§ 1442, 1442a. Defendant's NOR does not allege that he is either a federal officer or a member of the United States armed forces, rendering these removal statutes inapplicable.

Section 1443(1) authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). To remove a state-court criminal prosecution under § 1443(1), a defendant must first show that he "asserts, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." and then show that "the state courts will not enforce that right." *Hankins v. Bryant*, No. 23cv0064 JAH-BGS, 2023

WL 2254918, at \*1 (S.D. Cal. Feb. 27, 2023) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "[T]hat allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, Defendant's NOR does not identify any state law or constitutional provision that denies him the opportunity to raise a federal right in state court. His NOR likewise fails to show that he will be unable to enforce a federal right in state court. Defendant's criminal complaint is therefore not removable under § 1443(1).

Section 1443(2) permits removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This removal provision "'is available only to federal officers and to persons assisting such officers in the performance of their official duties,' and to state officers." *McCullough v. Evans*, 600 F. App'x 577, 578 (9th Cir. 2015) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966)). Defendant's NOR is devoid of allegations demonstrating that his criminal state-court action falls under § 1443(2).

Finally, even if Defendant's criminal state-court action was removable under one of the aforementioned statutes, his removal appears to be untimely. According to the attachment to Defendant's Complaint, his criminal case was called for arraignment on June 18, 2024. (*See* ECF No. 1-2 at 5.) Section 1455(b)(1) states that, without a showing of good cause, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Here, over 30 days have passed since Defendant's arraignment, and his NOR fails to demonstrate good cause for his untimely removal. Thus, even if his criminal state-court action was removable, Defendant failed to file his NOR in a timely manner.

3

24-cv-1629-WQH-JLB

1    IT IS HEREBY ORDERED that this action is REMANDED pursuant to 28 U.S.C.

2 § 1447(c) for lack of subject matter jurisdiction to the Superior Court of California for the

3 County of San Diego, where it was originally filed.

4 Dated:  September 18, 2024

5                                         Hon. William Q. Hayes
                                          United States District Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24-cv-1629-WQH-JLB